PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN R. SIMMONS, | ) | |
| | ) | CASE NO.  4:12CV03030 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| U-HAUL COMPANY OF ARIZONA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Alvin R. Simmons filed this action against the U-Haul Company of Arizona. In the Complaint, Plaintiff alleges he was unfairly arrested.  He seeks monetary relief.

## I.  Background

Plaintiff's Complaint is very brief.  He indicates he rented a Ford F150 from the Richmond, Virginia office of the U-Haul Company of Arizona ("U-Haul").  ECF No. 1 at 5.  He contends U-Haul reported the vehicle stolen and he was arrested on August 5, 2012, by the Ohio Highway Patrol. ECF No. 1 at 5.  He states the criminal complaint was dismissed on August 10, 2012, in the Ravenna Municipal Court.  ECF No. 1 at 5.  He suggests his Eighth Amendment rights and his right to Equal Protection under the Fourteenth Amendment were violated.  ECF No. 1 at 5.  He further indicates the Defendant violated the False Claims Act.  ECF No. 1 at 5.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

(4:12cv3030)

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  The Court is "not bound to accept as true a legal conclusion couched as

---

[1]An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:12cv3030)

a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  Law and Analysis

### A.  42 U.S.C. § 1983

Plaintiff asserts claims against U-Haul for violation of his Eighth and Fourteenth Amendment rights. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present a viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law  deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government entity, official or employee.  U-Haul is a private corporation, not a public entity.  A

(4:12cv3030)

plaintiff cannot assert a claim under §1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct may have been. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003).

A private entity, such as U-haul, can only be sued under §1983 if its actions may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court has established four tests for determining whether the challenged conduct may be fairly attributable to the State for purposes of a § 1983 claim. These are (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test. *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 298 (2001); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992).

For a private party to be subject to suit in a §1983 action under the public function test, Plaintiff must demonstrate that the private entity exercised powers that are traditionally exclusively reserved to the State. *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978). The power must be one which is exclusively in the hands of the State, such as holding elections or exercising the power of eminent domain. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974). Renting vehicles and reporting them stolen is not a function reserved exclusively for the State. The public function test therefore cannot be the basis to show U-Haul engaged in "state action" for purposes of a §1983 claim.

To demonstrate State action under the State compulsion test, Plaintiff is required to show that the state exercised such coercive power or provided such significant encouragement, either overt or covert, that the choice of the Defendant must in law be deemed to be that of the State. *See Blum v.*

(4:12cv3030)

*Yaretsky*, 457 U.S. 991, 1004 (1982).  More than mere approval or acquiescence by a State in the initiatives of the private party is necessary to hold the State responsible for those initiatives.  *Id.*  In this case, Plaintiff asserts that U-haul rented a truck to him and then reported it stolen.  Although he does not provide detailed allegations, there is no suggestion of any encouragement by the State in this action.

Under the symbiotic relationship or nexus test, Plaintiff must demonstrate that there was a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. *See Jackson*, 419 U.S. at 357-58; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724-25 (1961).  This occurs only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar*, 457 U.S. at 937.  Private parties are not obtaining significant aid from State officials merely by being complainants or witnesses in State criminal actions. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir.2009).

The entwinement test requires that the private entity be "entwined with governmental policies" or that the government be "entwined in [the private entity's] management or control." *Brentwood*, 531 U.S. at 296.  The crucial inquiry under the entwinement test is whether the "nominally private character" of the private entity "is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [such that] there is no substantial reason to claim unfairness in applying constitutional standards to it." *Id.* at 298.  The fact that a public entity has acted in compliance with a private entity's recommendations does not

5

(4:12cv3030)

transform the private entity into a State actor. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988). Again, Plaintiff alleges few facts. There is no suggestion that the State of Ohio was so involved with the business dealings of U-Haul that U-Haul can be deemed to be a State actor under the entwinement test.

Because Plaintiff does not allege facts upon which U-Haul, as a private party, could be considered to be a State actor, he cannot hold U-Haul liable under 42 U.S.C. § 1983 for a violation of his constitutional rights. His claims under the Eighth and Fourteenth Amendments are dismissed.

### B. **False Claims Act**

Moreover, Plaintiff's claims under the False Claims Act are misplaced. The False Claims Act, 31 U.S.C.A. § 3729, "provide[s] for restitution to the government of money taken from it by fraud." *United States ex rel. Augustine v. Century Health Services, Inc.*, 289 F.3d 409, 413 (6th Cir.2002) (quoting *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 551 (1943)). The Act covers "all fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). In 1986, Congress amended the Act to cover "reverse false claims," in which a party uses false statements or records to "conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." See 31 U.S.C. § 3729(a)(7). In both instances, the United States government is the injured party.

Plaintiff is not claiming that U-Haul fraudulently caused the United States government to pay out money, nor that U-Haul concealed or avoided a payment owed to the government. He is claiming that U-Haul incorrectly reported the vehicle Plaintiff rented as stolen. This claim is not properly asserted under the False Claims Act.

6

(4:12cv3030)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.


IT IS SO ORDERED.


 April 12,2013                                            /s/ Benita Y. Pearson
Date                                                   Benita Y. Pearson
                                                       United States District Judge

7